NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE TERMINATION OF PARENTAL
RIGHTS AS TO A.G.

No. 1 CA-JV 25-0171

FILED 08-07-2026

---

Appeal from the Superior Court in Yavapai County
No. S1300SV202500012
The Honorable Anna C. Young, Judge

**AFFIRMED**

---

APPEARANCES

Janelle A. McEachern Attorney at Law, Chandler
By Janelle A. McEachern
*Advisory Counsel for Appellant*

Cole G., Tucson
*Appellant*

Giovanna R., Prescott
*Appellee*

<hr>

**MEMORANDUM DECISION**

Presiding Judge David B. Gass[1] delivered the decision of the court, in which Judge Anni Hill Foster and Judge D. Andrew Gaona joined.

<hr>

**G A S S**, Judge:

¶1          Father appeals from the superior court's order terminating his parental rights to A.G. Because reasonable evidence supports the superior court's order, the court affirms.

## FACTUAL AND PROCEDURAL HISTORY

¶2          The court accepts "the [superior] court's findings of fact unless no reasonable evidence supports those findings, and . . . will affirm a [termination] order unless it is clearly erroneous." *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280 ¶ 4 (App. 2002). Because the superior court is in the best position to evaluate the evidence and the credibility of the witnesses, the court does not reweigh the evidence. *In re J.C.*, 259 Ariz. 60, 68 ¶ 34 (App. 2024) *review denied* (Apr. 1, 2025). Instead, the court determines whether reasonable evidence supports the superior court's ruling. *See Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93 ¶ 18 (App. 2009).

¶3          A.G. was born in 2018. Mother and father divorced in 2021. In that same year, the superior court convicted father for aggravated assault against mother and sentenced him to prison for 1 year. Mother filed for an order of protection against father in 2023. The 2023 protective order did not include A.G. Father thus could have exercised his parenting time during that time but did not. Instead, father stopped all contact and visitation with A.G. About 2 years later (in 2025), the superior court again convicted father

<hr>

[1]          Judge David B. Gass was a sitting member of this court when the matter was assigned to this panel of the court. He retired effective June 30, 2026. In accordance with the authority granted by Article VI, Section 3, of the Arizona Constitution, and under A.R.S. § 12-145, the Chief Justice of the Arizona Supreme Court has designated Judge David B. Gass as a judge pro tempore in the Court of Appeals for the purpose of participating in the resolution of cases assigned to this panel during his term in office and for the duration of Administrative Order 2026-87.

for aggravated harassment against mother, at which point mother renewed the order of protection and included A.G. on it at that point.

¶4 After father's 2025 incarceration, mother filed her petition to terminate father's parental rights on grounds of abandonment, neglect or abuse, and father's length of incarceration.[2] The superior court held a termination hearing in September 2025. Father testified he did not pay child support after June 2023, has not seen A.G. since 2023, but gifted her a skateboard and nothing else. He said he sent 3 letters to A.G. and was unable to send more because of the 2025 order of protection. Father also testified he could not have a relationship with A.G. before his incarceration because of the order of protection and the decree of dissolution.

¶5 Father attempted to make rehabilitative efforts. While incarcerated, father took parenting, anger management, and critical thinking classes to "parent [A.G.]" and "become a better father." But the superior court found his actions were not enough. In its ruling, the superior court granted mother's petition to terminate father's parental rights. The superior court said:

> It is clear that Father did not have a close relationship with [A.G.] prior to this most recent incarceration. Father has not acted persistently to establish his relationship with [A.G.] nor has he vigorously asserted his legal rights to parent [A.G.] to the extent necessary. The Petitioner has proven the factual allegation of abandonment contained in, 8(a) of the Petition for Termination.

¶6 In considering the child's best interests, the superior court said:

> [T]he best interests of the minor child would be served by terminating the father's parental rights. The child does not have any meaningful parent-child relationship with Father, and the history of the relationship is such that it is detrimental to the child. Father's conduct is unstable and erratic and poses a risk to the child. Termination of parental rights will remove all risks of uncertainty and promote a safer, more stable upbringing for the child. Father has shown a pattern of domestically violent and erratic behavior. It is in the child's

---

[2] Though mother's petition originally alleged substance abuse, mother chose to withdraw this ground at trial.

best interest to not be exposed to Father's behavior. Termination of Father's rights will allow Mother to provide safety and security for the child, allowing her to make all decisions necessary to care for the child.

**¶7** The court has jurisdiction over father's timely appeal under Article VI, Section 9, of the Arizona Constitution, A.R.S. §§ 8-235.A, 12-2101.A.1, and Juvenile Rule 603(a), Arizona Rules of Procedure for the Juvenile Court.

## DISCUSSION

**¶8** The superior court may terminate a parental relationship upon proof by "clear and convincing evidence" of any statutory ground under A.R.S. § 8-533.B. *Jesus M.*, 203 Ariz. at 280 ¶ 4. "Clear and convincing" means the grounds for termination are "highly probable or reasonably certain." *Kent K. v. Bobby M.*, 210 Ariz. 279, 284–85 ¶ 25 (2005) (citation omitted). On appeal, the court "view[s the] facts in the light most favorable to affirming the [superior] court's findings." *Maricopa Cnty. Juv. Action No. JV-132905*, 186 Ariz. 607, 608 n.1 (App. 1996).

**¶9** The superior court also must determine a child's best interests by a preponderance of the evidence. *In re J.C.*, 259 Ariz. at 74 ¶ 73. When the superior court finds a parent unfit, it must consider the totality of the circumstances, looking at both the unfit parent's interests in the child's care and custody and the child's need for a safe and stable home. *Id.* at 75 ¶ 73. In doing so, the superior court considers the benefits of terminating the relationship or the harm of continuing it, considering factors such as the child's adoptability and the parent's rehabilitation. *Id.* "Once the superior court finds a parent unfit under at least one statutory ground for termination, the interests of the parent and child diverge, and the superior court then balances the unfit parent's interest in the care and custody of his or her child against the independent and often adverse interests of the child in a safe and stable home life." *Id.* (cleaned up).

I.  **Though father's opening brief does not comply with the Arizona Rules of Civil Appellate Procedure, the court will reach the merits of the appeal.**

**¶10** Father's opening brief does not comply with Rule 13, Arizona Rules of Civil Appellate Procedure. Under Rule 13, the opening brief must set forward "a statement of the case that must concisely state the nature of the case, the course of the proceedings, the disposition in the court from which the appeal is taken, and the basis of the appellate court's jurisdiction

with appropriate references to the record." *Ramos v. Nichols*, 252 Ariz. 519, 522 ¶ 8 (App. 2022) (citing Ariz. R. Civ. App. P. 13(a)(4)). The brief also must cite any legal authority and make any substantive argument. *See* Ariz. R. Civ. App. P. 13(a)(7)(A) ("Appellant's contentions concerning each issue presented for review, with supporting reasons for each contention, and with citations of legal authorities and appropriate references to the portions of the record on which the appellant relies.").

**¶11**        "An appellant who fails to make a bona fide and reasonably intelligent effort to comply with the rules will waive issues and arguments not supported by adequate explanation, citations to the record, or authority." *Ramos*, 252 Ariz. at 522 ¶ 8 (cleaned up). The court holds father, a self-represented litigant, to the same standards as an attorney and does not afford him special leniency. *See Flynn v. Campbell*, 243 Ariz. 76, 83–84 ¶ 24 (2017).

**¶12**        Here, father's opening brief raises no issue warranting relief. Father's brief is 3 pages long and cites no legal authority. Father does not argue the superior court made any factual errors. For example, father acknowledges his convictions and sentences for aggravated harassment against mother. Then, without citing any legal authority, he challenges the termination because he has never been charged with any violent, sexual, or dangerous crime towards any child or mother.

**¶13**        Though father's brief falls short, the court exercises its discretion to decide father's appeal on its merits based on its own review of the record. *See Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340 (App. 1984) (recognizing courts prefer to decide each case upon its merits rather than dismissing on procedural grounds).

## II.   Though mother did not file an answering brief, the court will not treat her omission as a confession of error.

**¶14**        The court could treat mother's failure to file an answering brief as a confession of error. *See Welch v. United Mut. Benefit Ass'n*, 48 Ariz. 173, 174 (1936) (quoting *Navarro v. State*, 32 Ariz. 119, 120 (1927)); *see, e.g.*, *Skelsey v. Kuhn*, 23 Ariz. 367 (1922); *Hatch v. Leighton et al.*, 24 Ariz. 300 (1922). But the court grants relief on confession of error only if the appellant raises a debatable question, and "no reasonable excuse is shown for the [appellee's] failure to appear and file a brief." *Welch*, 48 Ariz. at 175; *see also Navarro*, 32 Ariz. at 120–21 (assuming appellee confesses error if appellant raises a debatable question and appellee has no reasonable excuse for not filing an answering brief); *see also Carter v. State ex rel. Eyman*, 5 Ariz. App.

415, 415 (1967) ("[T]he failure to file an answering brief does not constitute a confession of reversible error since no debatable issue is presented.").

**¶15**  The Arizona Supreme Court has characterized a debatable question as one which would "require much industry and independent research to refute." *Merrill v. Wheeler*, 17 Ariz. 348, 350 (1915). It must spark "at least grave doubt" in the superior court's order. *Adkins v. Adkins*, 39 Ariz. 530, 532 (1932). And any questions asked must raise a novel legal issue. *See Childs v. Frederickson*, 21 Ariz. 248, 249 (1920).

**¶16**  Here, father's opening brief raises no debatable question. First, the opening brief raises no legal question, so there is nothing for mother to research and refute. Second, father agrees with the superior court's order, stating the superior court was "right that [he] needed to learn a lesson." And third, father asks the court to reweigh the evidence and give him another chance, which the court will not do. *See In re J.C.*, 259 Ariz. at 68 ¶ 34.

**¶17**  Because the court concludes father raises no debatable questions, it does not treat mother's failure to file an answering brief as a confession of error. *See Verdex Steel & Constr. Co. v. Bd. of Supervisors, Maricopa Cnty.*, 19 Ariz. App. 547, 550 (1973) (citation omitted).

**III.** **The superior court did not abuse its discretion when it found by clear and convincing evidence mother proved father abandoned A.G.**

**¶18**  Under the abandonment ground, the superior court must consider "whether a parent has provided reasonable support, maintained regular contact, made more than minimal efforts to support and communicate with the child, and maintained a normal parental relationship." *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249–50 ¶ 18 (2000). And when determining abandonment, the superior court considers only the parent's conduct, not the parent's subjective intent. *Id.*

**¶19**  Father offers no credible evidence he provided reasonable support for or maintained regular contact with A.G. Father concedes he did not provide any financial support to mother through court-ordered child support payments. At best, father said, "I know it's not through the Courts, but I did hand her [referring to mother] like 900 bucks" in June 2023.

**¶20**  Father also had minimal communication with A.G. Though A.G. was not on the order of protection until June 2025, father sent just 3 letters to A.G. before June 2023. There was nothing preventing father from

arranging contact with A.G. through a professional supervisor or a third-party. But father did not exercise his parenting time between June 2023 and his arrest in January 2025. True, father is taking parenting classes while incarcerated so he can become a better father. But father's belated participation can be—as the superior court concluded it is here—"too little, too late." *See Maricopa Cnty. Juv. Action No. JS-501568*, 177 Ariz. 571, 577 (App. 1994) (saying State need not keep the "window of opportunity for remediation open indefinitely" because doing so is not in the child's or parent's best interests).

**¶21**　　　　To his credit, father takes responsibility for the harm he has caused and says he misses A.G., who father describes as "brilliant, awesome, fun," and "has a bright future." Father acknowledges he needed to learn a lesson, but argues terminating his parental rights to A.G. goes a step too far. But father identifies no error in the superior court's abandonment findings. And without any support, he says it was not in A.G.'s best interests to terminate his parental rights. In short, father's brief provides no legal basis for setting aside the superior court's order.

**¶22**　　　　Though the superior court found mother proved 3 grounds for terminating father's rights, the court can affirm based on abandonment and thus will not address the remaining grounds and the evidence supporting them. *Crystal E. v. Dep't of Child Safety*, 241 Ariz. 576, 578 ¶ 5 (App. 2017) (citing *Jesus M.*, 203 Ariz. at 280 ¶ 3) ("If clear and convincing evidence supports any one of the statutory grounds on which the juvenile court ordered severance, we need not address claims pertaining to the other grounds.").

## CONCLUSION

**¶23**　　　　The court affirms.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:　　　　JR